Filed 5/26/23  P. v. Velazquez CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JHOVANNE VELAZQUEZ,<br><br>        Defendant and Appellant. | A165094<br><br>(Sonoma County<br>Super. Ct. No. SCR 748031-1) |

Jhovanne Velazquez appealed after he was sentenced in connection with a fatal car accident.  His appellate attorney has asked the court for an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436. We find no arguable issues and affirm, but we direct the trial court to correct a typographical error in the abstract of judgment.

Velazquez was charged by felony complaint with one count of hit-and-run driving causing death or serious injury (Veh. Code, § 20001, subd. (b)(2)), one count of vehicular manslaughter (Pen. Code, § 192, subd. (c)(2)[1]), and one count of driving a motor vehicle without a driver's license (Veh. Code, § 12500, subd. (a)), in connection with a July 2021 crash that killed his 16-year-old female passenger.  In October 2021 he pleaded no contest to all three counts, with a maximum possible sentence of five-and-a-half years and an

---

[1] All undesignated statutory references are to the Penal Code.

indicated sentence of five years. Before Velazquez was sentenced, the trial court asked for briefing over whether Velazquez could be sentenced to the upper term in light of changes to section 1170, subdivision (b), that were to take effect in January 2022.

The trial court ultimately vacated Velazquez's plea and permitted the prosecution to file an amended complaint that alleged the same three counts along with aggravating factors to support an upper sentence. Those factors included that Velazquez killed a 16-year-old victim by driving his speeding car off a freeway, left the victim to burn in the vehicle, did not report the accident by calling 911, lied to the victim's mother about the victim's whereabouts, and tried to hide from law enforcement during the investigation. (Cal. Rules of Court, rule 4.421(a)(1) [aggravating factor exists where crime involved great violence or other acts showing "high degree of cruelty, viciousness, or callousness"].)

In February 2022 Velazquez again entered an open plea of no contest to the three charges and also stipulated to the aggravating factors and admitted them to be true. The indicated sentence again was five years. The trial court sentenced Velazquez on the hit-and-run driving count to the upper term of four years in prison (Veh. Code, § 20001, subd. (b)(2)), and stayed a one-year term on the vehicular manslaughter count and a six-month term on the count for driving without a license (§ 654).

Velazquez's form notice of appeal has the box checked indicating that he challenged the validity of his plea. His attorney's signature appears under a request for a certificate of probable cause, asserting that Velazquez should have been sentenced under his original plea applying amended section 1170. There is no indication that the trial court ever ruled on the request for a certificate of probable cause.

The court has reviewed the entire record to determine whether there were any errors based on the sentence imposed or other grounds that arose after entry of the second plea that do not affect its validity. (Cal. Rules of Court, rule 8.304(b)(3).) The trial court did not abuse its discretion in imposing the upper term after concluding that the aggravating factors substantially outweighed the mitigating factors. The fines and fees the court imposed were authorized. We find no arguable issues.

The trial court is directed, however, to amend Velazquez's abstract of judgment to reflect that he was convicted on count one of a violation of Vehicle Code section 20001, subdivision (b)(2) (not section 2001, as indicated on the original abstract). (*People v. Mitchell* (2001) 26 Cal.4th 181, 186–187 [appellate court may order the correction of a clerical error in abstract of judgment without a request from either party].) The trial court is directed to send a certified copy of the amended abstract to the Department of Corrections and Rehabilitation. The judgment is otherwise affirmed.

_____

Humes, P.J.


WE CONCUR:



_____

Margulies, J.




_____

Bowen, J.*




     *Judge of the Superior Court of the County of Contra Costa, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

*People v. Valazquez*  A165094